## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY RAY GRIFFITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICK WHITTEN, Warden, )<br>)<br>Respondent. ) | Case No. CIV-19-00449-PRW |

## **ORDER**

In 2005, a jury convicted Timothy Ray Griffith of two counts of attempted first-degree rape and eight counts of sexual abuse of a child.[1] All crimes were alleged to have occurred "ON OR ABOUT 15TH DAY OF DECEMBER 1998, THROUGH THE 15TH DAY OF DECEMBER 2001, A.D."[2] In accordance with the jury's recommendation, the state-court judge sentenced Griffith to 34 years of imprisonment.[3]

Proceeding *pro se*, Griffith filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) on May 16, 2019, challenging the administration of his criminal sentence.[4] Griffith asserts that his "sentences have expired due to the fact that they were not crimes subject to 21 O.S. § 13.1 (85% rule)" and that he should therefore be

---

[1] R. & R. (Dkt. 5) at 2–3 (citing *Griffith v. Bryant*, No. 5:13-cv-00989-W, 2015 WL 3485648, at *1 (W.D. Okla. May 22, 2015)).

[2] *Griffith*, 2015 WL 3485648, at *1.

[3] *See* R. & R. (Dkt. 5) at 3 (citing *Griffith*, 2015 WL 3485648, at *1).

[4] *State v. Griffith*, No. CF-2002-2883 (Okla. Cty. Dist. Ct. entered Sept. 19, 2005).

1

'[r]elease[d] . . . from custody after declaration that his sentences have been satisfied."[5] The "85% rule" refers to title 21, section 13.1 of the Oklahoma Statutes, "which prescribes that persons convicted of various enumerated crimes—including certain crimes against a child, see Okla. Stat. tit. 21 § 13.1(14)—must 'serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration of parole'" and which only "applies to [a] person committing any of the felony offenses listed in Section 13.1 'on or after March 1, 2000.'"[6] Griffith made the same argument in a § 2241 habeas petition that he filed in 2013, where he asserted that "the application of the 85% Law to his eight child sexual abuse sentences is improper because 'there is NO evidence that any of the crimes occurred on or after 03-01-2000 when this Law became enforceable.'"[7]

    The case was referred to U.S. Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation (Dkt. 5) recommending summary dismissal of the Petition (Dkt. 1) as time-barred by the 1-year period of limitations in 28 U.S.C. § 2244(d)(1).[8] Magistrate Judge Mitchell concludes that Griffith filed this habeas action ten years after the limitations period expired and that neither statutory nor equitable tolling can save the petition.[9] Magistrate Judge Mitchell also outlines Griffith's history of making similar

---

[5] Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) at 6.

[6] *Griffith*, 2015 WL 3485648, at *2 (quoting Okla. Stat. tit. 21, §§ 12.1, 13.1)).

[7] *Id.* (quoting Pet. Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1) at 8, *Griffith*, No. 5:13-cv-00989-W (W.D. Okla. filed Sept. 12, 2013)).

[8] R. & R. (Dkt. 5) at 1–2, 7–8.

[9] *Id.* at 8–10.

claims and recommends "the imposition of filing restrictions against Petitioner to curb any further consideration of Petitioner's oft-repeated 85% claim."[10] Griffith was advised of his right to object to the Report and Recommendation (Dkt. 5) by July 17, 2019, and that failure to make a timely objection would waive any right to appellate review of both factual and legal issues.[11] On July 16, 2019, this Court granted Griffith an extension of time that permitted him to file an objection by no later than July 29, 2019.[12]

Griffith filed his Objection to Magistrate's Report and Recommendation (Dkt. 9) on July 25, 2019. The Court must now resolve his objections by "mak[ing] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[13] Only then may the Court "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[14] After *de novo* review, and for the reasons given below, the Court overrules the objections raised in Griffith's Objection to Magistrate's Report and Recommendation (Dkt. 9), accepts the Magistrate Judge's Report and Recommendation (Dkt. 5), summarily dismisses the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1), and imposes the recommended filing restriction.

---

[10] *Id.* at 3–6, 10–11.

[11] *Id.* at 11.

[12] Order (Dkt. 8) at 1.

[13] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

[14] 28 U.S.C. § 636(b)(1).

The Court first addresses Griffith's "object[ion] to any time limit on his § 2241 Petition," as he believes that the "A.E.D.P.A. limitations should NOT APPLY to § 2241 cases."[15] Essentially, Griffith is objecting to the application of the 1-year period of limitations found in § 2244(d)(1)—which was added to § 2244 by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217—to his § 2241 habeas petition. This argument has been repeatedly rejected by the Tenth Circuit because "[t]he limitations period provided by § 2144(d)(1) applies to both" a "challenge to [a state prisoner's] conviction . . . brought pursuant to 28 U.S.C. § 2254" and his "challenge to the execution of his sentence pursuant to § 2241."[16] This conclusion flows from the plain language of § 2244(d)(1), which purports to apply to *all* habeas petitions filed by a person who is in custody pursuant to a state court judgment: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody *pursuant to the judgment of a State court*."[17] Consequently, Griffith's objection to

---

[15] Pet'r's Obj. to Mag.'s R. & R. (Dkt. 9) ¶ 4, at 1.

[16] *Morello v. Utah*, 10 F. App'x 788, 789 (10th Cir. 2001) (citing *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)); *accord Clark v. Bruce*, 159 F. App'x 853, 855 (10th Cir. 2005) ("Mr. Clark claims that the one-year limitation period does not apply to his application for a writ of habeas corpus because he filed his motion under § 2241 rather than § 2254. However, the one-year limitation period set forth in § 2244 applies to habeas corpus petitions filed under both § 2254 and § 2241."); *Hall v. Saffle*, 10 F. App'x 768, 771 (10th Cir. 2001) ("He argues . . . that the claim related to his sentence should properly have been characterized as a § 2241 claim and, as such, it was not subject to the on-year limitations period. . . . [C]laims brought pursuant to 28 U.S.C. § 2241 are also subject to the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)." (citing *Osborn v. Everett*, No. 99-8071, 2000 WL 300216, at *1–2 (10th Cir. Mar. 23, 2000))).

[17] 28 U.S.C. § 2244(d)(1) (emphasis added).

the application of the § 2244(d)(1) limitation's period to his § 2241 habeas petition is overruled.

The Court next addresses Griffith's objection object to the Magistrate Judge's conclusion that he "does not attempt to demonstrate his entitlement to equitable tolling" and that there is "no basis for applying equitable tolling in this matter."[18] Griffith argues that "the Court itself lays out the case for equitable tolling" insofar as he "has been diligently pursuing his claims in state and federal court" and yet "NO Court has reached the merits of [his] claims"—circumstances which Griffith characterizes as "extraordinary."[19] Generally speaking, an inmate is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[20]

To establish diligence, a petitioner "must allege with specificity 'the steps he took to diligently pursue his federal claims,'" and a "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice."[21] Here, Griffith's Objection (Dkt. 9) contains only a conclusory statement and fails to allege with specificity the steps he pursued. Yet even looking at the timeline laid out in the Report and Recommendation (Dkt.

---

[18] R. & R. (Dkt. 5) at 10. Griffith does not challenge the Magistrate Judge's determination that he knew the factual predicate of his 85%-rule claim on March 28, 2008. Nor does Griffith object to the Magistrate Judge's determination that statutory tolling does not save his untimely habeas petition.

[19] Pet'r's Obj. to Mag.'s R. & R. (Dkt. 9) ¶ 1, at 1.

[20] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011).

[21] *Yang*, 525 F.3d at 930 (quoting *Miller*, 141 F.3d at 978).

5), the record reveals several periods of dormancy that are more than one year long each. For example, it appears from the record in this case that Griffith did not pursue any legal action related to application of the 85% rule to his sentence during the 34-month period from September 15, 2015—when the Tenth Circuit dismissed Griffith's appeal regarding his first § 2241 habeas petition—to July 2, 2018—when Griffithfiled another application for post-conviction relief.[22] Such a lengthy period of inactivity fails to demonstrate diligence.

Furthermore, to establish extraordinary circumstances, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."[23] The facts presented are evaluated on a case-by-case basis, keeping in mind that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."[24] Griffith has failed to demonstrate extraordinary circumstances *that "stood in his way and prevented timely filing."* His assertion that "[t]he circumstances are extraordinary in that NO Court has reach the merits of Petitioner's claims" is beside the point; no court will ever reach the merits unless Griffith can overcome the 1-year period of limitations. Thus, in the absence of evidence to the contrary, the Court can only conclude no such extraordinary circumstances exist. This objection is accordingly overruled.

In sum, the Court agrees with the Magistrate Judge that this habeas petition should be dismissed as time-barred. Because the petition has been dismissed, the Court need not

---

[22] *See* R. & R. (Dkt. 5) at 5.

[23] *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307; citing *Miller*, 141 F.3d at 978).

[24] *Id.* at 929.

address the merits of Griffith's arguments for release from custody.[25] Because the petition is being dismissed, the Court also denies as moot Griffith's Motion to Compel Discovery (Dkt. 12), as that motion sought discover related to the merits of his now dismissed habeas petition. Lastly, Griffith has failed to object to the Magistrate Judge's recommendation that the Court "impos[e] . . . filing restrictions against Petitioner to curb any further consideration of Petitioner's oft-repeated 85% claim."[26] This Court may "impose restrictions on future filings in this court by the petitioner 'commensurate with [its] inherent power to enter orders necessary or appropriate in aid of [its] jurisdiction' under 28 U.S.C. § 1651."[27] Because Griffith has strained the Court's resources with his repetitive, frivolous filings related to the 85% rule,[28] this Court hereby imposes the filing restriction recommended by the Magistrate Judge.

Therefore, upon *de novo* review, the Court**:**

(1) **ADOPTS** the Report and Recommendation (Dkt. 5) issued by the Magistrate Judge on June 26, 2019;

---

[25] *See* Pet'r's Obj. to Mag.'s R. & R. (Dkt. 9) ¶¶ 2–3, at 1 (arguing that "[t]here is evidence in the Record of the proceedings below that show Petitioner's claims are valid" and that "Petitioner's claims now amount to whether the Department of Corrections is holding him without authority").

[26] R. & R. (Dkt. 5) at 10–11.

[27] *Palacios-Yanez v. Lynch*, 629 Fed. Appx. 827, 830 (10th Cir. 2015) (unpublished) (quoting *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)); *accord Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989))).

[28] *See Cotner v. Boone*, 48 F. App'x 287, 290 (10th Cir. 2002).

7

(2)     Summarily **DISMISSES** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) as time-barred by the 1-year period of limitations in 28 U.S.C. § 2244(d)(1);

(3)     **DENIES AS MOOT** Griffith's Motion to Compel Discovery (Dkt. 12); and

(4)     **IMPOSES** the following filing restriction on all future habeas actions filed in this Court by Petitioner, Timothy Ray Griffith:

  (a) Mr. Griffith must present all future habeas petitions, whether filed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254, upon the form petition provided for such use in this District. No additional pages shall be attached or inserted.

  (b) Along with any future habeas petition, Mr. Griffith must contemporaneously submit a separate notarized affidavit that

    (i) lists every petition or other application for post-conviction relief that he has filed in this Court or any other court of law or equity (whether state or federal), in the following format: names of parties, case number, court, date filed, description of the case, and disposition of the case;

    (ii) recites the issues he seeks to present in the new habeas petition and certifies that such issues do not involve application of the 85% rule found in title 21, section 13.1 of the Oklahoma Statutes;

    (iii) certifies that the issues he seeks to present in the new habeas petition are not frivolous or made in bad faith and are not interposed for any improper purpose, such as delay or to increase needlessly the cost of litigation; and

    (iv) cites this Order imposing these filing restrictions and certifies that he has complied with all filing restrictions.

  (c) Upon receipt, the Court Clerk shall forward the proposed habeas petition and notarized affidavit to the undersigned, who shall determine whether Mr. Griffith is permitted to proceed.

  (d) If the undersigned determines that the matter should proceed, the proposed habeas petition, together with the affidavit, shall be filed of record. If the undersigned determines that the matter should not proceed, the pleadings and papers shall be returned to Mr. Griffith.

**IT IS SO ORDERED this 17th day of November, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE